UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY

                               Plaintiff,                 **REPORT AND**
                                                                      **RECOMMENDATION**
                                                                     CV-07-881 (CBA) (JMA)
    -against-

PRICELESS TRANSPORTATION, INC.,
BIG A BROKERAGE CORP., and
ALEKSANDR SAVRANSKIY,

                               Defendants.
------------------------------------------------------------X

APPEARANCES:

    Jeffrey R. Krantz, Esq.
    Bennett, Giuliano, McDonnell & Perrone, LLP
    494 Eighth Avenue, 7th floor
    New York, New York 10001
    *Attorney for Plaintiff*

**AZRACK, United States Magistrate Judge:**

       By order dated November 2, 2007, the Honorable Carol B. Amon referred the above-captioned matter to me, pursuant to 28 U.S.C. § 636(b), for a report and recommendation to determine the scope of relief owed to plaintiff Liberty Mutual Insurance Company ("Liberty") following the entry of a default judgment against defendants Priceless Transportation, Inc. ("Priceless"), Big A Brokerage Corp. ("Big A"), and Aleksandr Savranskiy ("Savranskiy") for breach of contract, negligent and intentional misrepresentation, and unjust enrichment.

       For the reasons set forth below, I respectfully recommend that judgment be entered against defendants in the amount of $102,072.00, plus pre-judgment interest measured at 9 percent per annum from January 1, 2004.

## I. BACKGROUND

Plaintiff Liberty, a Massachusetts corporation, is an insurance company authorized to issue and service commercial automobile liability insurance policies in New York. (Dkt. No. 1: Compl. ¶ 2.) As an insurance company servicing the voluntary insurance market of New York, Liberty is required to provide coverage to a certain number of high-risk public transportation vehicles under the New York Automobile Insurance Plan (the "Plan"). (Id. ¶¶ 9-10, 13.) The Plan was established under New York State Insurance Law to provide high-risk vehicles an insurance market of last resort. (Id. ¶¶ 9-10, 17; See N.Y. Ins. Law § 5301.) When applying for coverage under the Plan, applicants must certify that they have attempted to obtain coverage in the voluntary insurance market without success. (Id. ¶ 18.) The Plan then assigns the applicant to a participating insurance company and, barring any strict contractual issues, the carrier is required by the Plan to issue a policy. (Id. ¶¶ 15, 35.) Based on the information provided in the application, the insurance company then provides the insured with an estimated initial premium, reserving the right to adjust pursuant to a formula prescribed under New York law. (Id. ¶¶ 19, 26, 28.) This formula is based on information the applicant provides in the application, including the territory in which any driving occurs, the type of service provided, and the number of vehicles owned; change in a single factor may impact the premium amount. (Id. ¶¶ 19-20, 26.) The applicant and brokers must attest to the truth of the information provided in the application as an inducement to issue a policy. (Id. ¶¶ 29-31.) The brokers further attest that they have read the Plan, explained its provisions to the applicant, and included all required information given by the applicant. (Id. ¶ 32.)

Defendant Priceless is a New York corporation that operates a for-hire motor vehicle business in New York City. (Id. ¶ 3.) Defendant Big A is an insurance broker representing various

public automobile transportation companies in the New York City area, including Priceless. (Id. ¶ 4.) Defendant Savranskiy is an insurance broker who represents various commercial automobile companies, including Priceless. (Id. ¶ 5.) Through Big A and Savranskiy, Priceless submitted an application to the Plan, dated September 12, 2003. (Compl. ¶¶ 36-37; Dkt. No. 15: Aff. of Perola Andersson ("Andersson Aff.") ¶ 3, attached to Pl.'s Motion for Default Judgment.) In the application, Big A and Priceless attested that Priceless operated a school bus in Monticello, NY, and Big A attested that Priceless was a new venture that was unable to obtain auto liability coverage in the voluntary market. (Compl. ¶¶ 39-41; Andersson Aff. ¶ 5.) The Plan assigned Priceless' application to Liberty. (Compl. ¶ 38.)

Applying the Plan formula, Liberty issued an automobile insurance policy (the "Policy") to Priceless charging an estimated premium for the claimed territory and rating classification; Liberty later renewed the Policy and extended coverage for additional vehicles on defendants' request. (Id. ¶¶ 43-44, 47.) The Policy was renewed on January 1, 2004, and provided insurance coverage through cancellation on June 19, 2004. (Andersson Aff. ¶¶ 4, 9.) Liberty thereafter learned that, contrary to the application, Priceless operated a for-hire car service in New York City, not a school bus in Monticello. (Compl. ¶ 48; Andersson Aff. ¶¶ 5-6.) This information warranted a higher rating classification and higher premium. (Compl. ¶ 48.) Based on the new information, Liberty recalculated the premium and invoiced Priceless for an additional amount of $102,454.00. (Id. ¶ 49.) This recalculated fee represents the appropriate premium for the correct territory and classification ratings for the Policy period of January 1, 2004 through June 19, 2004, incorporating premium payments Priceless had made as well as changes to the number of cars covered and the surcharges

3

and fees. (Andersson Aff. ¶¶ 8-15; see also Balance Statement, Ex. B to Andersson Aff.) No payment had been made by Priceless as of the date of Andersson's affidavit. (Andersson Aff. ¶ 17.)

Plaintiff commenced the instant action on March 2, 2007, seeking the unpaid premium amount of $102,454.00 plus interest, attorney's fees and costs, punitive damages, and an order directing defendants to produce their records in order to allow the plaintiff to conduct a premium review and demand additional damages as necessary. (See Compl.) First, Liberty complains that defendants breached the contract by failing to notify Liberty of the true nature of Priceless' territory and classification. (Compl. ¶¶ 55-56.) Defendants' failure to pay the additional premium demanded by Liberty also breaches provisions of the Policy and the Plan. (Compl. ¶¶ 58-60.) Liberty complains of negligent misrepresentation of the true nature of the business operations when the defendants knew, or should have known, that Liberty would justifiably rely upon the misrepresentations in the application to issue a policy at an insufficiently low estimated initial premium. (Compl. ¶¶ 70-72.) Liberty further complains that defendants intentionally misrepresented information in the application, knowing it to be false or with reckless disregard of its accuracy, with the intention of inducing Liberty to issue an insurance policy at a substantially lower rate in order to pay lower insurance premiums. (Compl. ¶¶ 76-78, 80.) Liberty additionally complained of intentional misrepresentation against defendant Big A for creating a false transportation services company and/or utilizing company names without consent for the purpose of illegally obtaining coverage under the Plan and for submitting an application knowing that it contained false information, intending to defraud Liberty of its premium. (Compl. ¶¶ 84-86.) Finally, Liberty complained that defendants were unjustly enriched by avoiding appropriately high

4

premiums, since Liberty would not have undercharged the premium but for defendants' misrepresentations. (Compl. ¶¶ 89-90.)

After proper service, defendants failed to answer or otherwise move with respect to the complaint, and the time to do so has expired. A notation of default was entered against each defendant by the Clerk of the Court on October 12, 2007. (Dkts. 10-12: Entries of Default.) Plaintiff filed motions for default judgment against each defendant on November 2, 2007, and Judge Amon referred the motions to me to determine the relief owed by defendants. Plaintiff filed a corrected motion for a default judgment on January 4, 2008.

## II. DISCUSSION

### A. Proof of Damages

Defendants' default amounts to an admission of liability, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are therefore deemed true. See Fed. R. Civ. P. 8(b)(6); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (citing, among other cases, Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Plaintiff, however, must prove damages before the entry of a final judgment. See Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The district court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Credit Lyonnais, 183 F.3d at 155 (citing Transatlantic Marine, 109 F.3d at 111). Fed. R. Civ. P. 55(b)(2) provides that a court may conduct hearings to determine the amount of damages when granting a default judgment; however, the Second Circuit has held that "it is not necessary for the District Court to hold a hearing, as long as

5

it ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (citation and internal quotation marks omitted).

Plaintiff submitted an affidavit from Perola Andersson, Senior Forensic Consultant for Liberty, outlining the premiums earned during the coverage period and calculating the balance owed. (See Andersson Aff.) I find that her affidavit, along with its supporting exhibits, constitutes sufficient evidence for an award of damages.

**B. Amount of Damages**

Plaintiff seeks damages for defendants' breach of contract and fraudulent misrepresentations in an amount equal to unpaid premiums and fees for the period that plaintiff provided insurance coverage for vehicles operated by Priceless. Under New York law, which governs here, damages for a breach of contract should put "the nonbreaching party in as good a position as it would have been had the contract been performed." Brushton-Moira Cent. School Dist. v. Fred H. Thomas Assocs., P.C., 692 N.E.2d 551, 553 (N.Y. 1998). An award of damages for fraud fulfills a similar objective and should "represent the difference between the purchase price of the asset and its true value, plus interest, generally measured as of the date of sale." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 183 (2d Cir. 2007) (citations omitted); see also Lama Holding Co. v. Smith Barney Inc., 668 N.E.2d 1370, 1373 (N.Y. 1996) (following the "out-of-pocket" rule, which computes damages to compensate plaintiff for what was lost because of fraud). Here, granting the damages sought serves these goals because the damages represent the amount to which plaintiff is entitled for insuring defendant Priceless' for-hire cars in the New York City metropolitan area during the Policy period.

Plaintiff contends via the Andersson Aff. that defendants owe $102,072.00, calculated as the amount of premium underpaid during the coverage period due to defendants' misrepresentation and subtracting payments made. Andersson, as a Senior Forensic Consultant, is familiar with Liberty's policies and procedures for calculating insurance premiums. The Andersson Aff. is supported by two exhibits, Ex. A and Ex. B, which are respectively a report of the premium earned for each covered car, and a balance statement sent to Priceless. This evidence shows that between January 1, 2004 and June 19, 2004, plaintiff provided defendants with insurance coverage for thirteen cars, six for the entire period and seven for shorter intervals. The Policy allows for pro-rated charges of the annual premium, and I find that plaintiff adequately assessed the respective pro-rated charges for each car, based on the period of coverage, type of vehicle covered, and territory. Plaintiff's evidence shows that defendants owe $108,021.00 after recalculation of the premiums, plus a surcharge of $65.00 and an installment fee of $10.00. After subtracting the premium payments made by Priceless, amounting to $6,024.00, these records support plaintiff's request for damages in the amount of $102,072.00. Plaintiff also requested, in its complaint, an award of punitive damages, attorneys' fees and costs and an order directing defendants to produce their records. Plaintiff, however, did not make such requests in its motion for default judgment nor is plaintiff entitled to receive them. I therefore decline to award plaintiff any additional damages.

Defendants have failed to contest plaintiff's request. Seeing no reason why damages should not be granted in the claimed amount, I respectfully recommend that plaintiff be granted judgments against each jointly and severally liable defendant for $102,072.00.

**C. Interest**

New York law provides for pre-judgment interest measured at a rate of 9 percent per annum from the date the cause of action accrued. N.Y. C.P.L.R. 5001, 5004 (McKinney 2007). As such, I find plaintiff's request for pre-judgment interest measured from January 1, 2004, when the last insurance policy was issued, to be reasonable. I therefore recommend that plaintiff's request be granted.

### III. CONCLUSION

For the above reasons, I respectfully recommend that judgment be entered against each of the defendants in the amount of $102,072.00, plus interest calculated at 9 percent per annum from January 1, 2004.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the order of the District Court. See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, 6.

Dated: August 19, 2008
       Brooklyn, New York

                                                  /s/
                                      JOAN M. AZRACK
                                      UNITED STATES MAGISTRATE JUDGE

Copies sent by first-class mail to:

    Priceless Transportation, Inc.
    304 East Broadway
    Monticello, NY 12701

Big A Brokerage Corp.
2488 Grand Concourse, Suite 204
Bronx, NY 10468

Aleksandr Savranskiy
80 N. Moore Street, Apt. 4F
New York, NY 10013